**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

ROBINSON MANUEL                    :
VALENTIN CONTRERAS,

                                   :

     **Petitioner,**                  **CIVIL ACTION NO. 3:26-1284**

                                   :

     **v.**                          **(JUDGE MANNION)**

                                   :

**CRAIG LOWE,** *et al.,*

                                   :

     **Respondents.**

                                   :

**MEMORANDUM**

Pending before the Court is Robinson Manuel Valentin Contreras's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (**Doc. 1**). For the reasons stated herein, the petition will be **GRANTED** insofar as it requests a bond hearing.

## I.     BACKGROUND

Petitioner is a citizen of Uruguay and a native of the Dominican Republic. (Doc. 1-2 at 13). On July 20, 2023, Petitioner entered the United States at Miami, Florida as a B2 nonimmigrant. (Doc. 9-2 at 3). Petitioner was permitted to stay in the United States until January 19, 2024, but ultimately overstayed his admission expiration date. *Id.* Petitioner does not have any pending applications to remain in the United States. *Id.*

On June 7, 2024, Petitioner was arrested by the Wilkes Barre City Police Department and charged with felony burglary, two counts of felony criminal trespass, misdemeanor theft, and misdemeanor receiving stolen property. *Id.* On October 28, 2025, Petitioner was acquitted by a jury. *Id., see also* (Doc. 1-2 at 15). On October 30, 2025, Petitioner was released to the custody of Pike Enforcement and Removal Operations ("ERO"). (Doc. 9-2 at 3). Petitioner was then placed in removal proceedings pursuant to Immigration and Nationality Act ("INA") §237 as a visa overstay. *Id.* Petitioner was detained at the Pike County Correctional Facility in Pennsylvania, without bond, pending his removal proceedings. *Id.* at 4, *see also* (Doc. 9-4 at 2). His hearing before an Immigration Judge was scheduled for November 10, 2025, pursuant to INA §237(a)(1)(B). (Doc. 9-3 at 2).

On January 5, 2026, Immigration Judge Leo Finston ordered Petitioner removed to Uruguay, or in the alternative, to the Dominican Republic. (Doc. 9-5) On February 4, 2026, Petitioner filed a timely appeal before the Board of Immigration Appeals ("BIA"). (Doc. 9-6). The appeal remains pending; thus, there is no final order of removal. *See* EOIR Automated Case Information, A-Number 240-108-663. Nonetheless, Petitioner remains detained at the Pike County Correctional Facility.

Petitioner filed his petition on May 13, 2026. (Doc. 1) Respondents responded to the petition on May 26, 2026. (Doc. 9). Petitioner filed a traverse to Respondents' response on June 10, 2026. (Doc. 10). This matter is now ripe for disposition.

## II.    LEGAL STANDARD

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3).

Furthermore, "[i]t is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody." *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). However, "[w]ith respect to certain factual issues, the burden of proof may be shifted to the state because of specific policy considerations or because the available evidence is likely to be in the hands of the state." *Id.*

## III.    DISCUSSION
### a. Jurisdiction

The Court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited is some circumstances by 8 U.S.C. §§1252(g), (b)(9), and (a)(2)(B)(ii).

§1252(g) states that "[e]xcept as provided in this section and notwithstanding any other provisions of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. §1252(g). Here, the Court's jurisdiction is not barred by §1252(g) as the petition does not challenge the commencement of removal proceedings, the Attorney General's decision to adjudicate, nor the execution of a removal order. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (finding that §1252(g)(2) divests the court of jurisdiction "only to [these] three discrete actions").

§1252(b)(9) states that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceedings brought to remove an alien from the United States . . . shall be available only on judicial review of a final order [of removal]." 8 U.S.C. §1252(b)(9). Here, the Court's jurisdiction is not barred by §1252(b)(9) as the petition does not seek review of any law or fact arising from a removal proceeding. *See E.O.H.C. v. Sec'y United States Dept. of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (finding that §1252(b)(9) "does not reach claims that are independent of, or wholly collateral to, the removal process[.]").

- 4 -

§1252(a)(2)(B)(ii) prohibits district courts from reviewing discretionary detention choices of the Attorney General or Secretary of Homeland Security. 8 U.S.C. §1252(a)(2)(B)(ii). Here, the Court's jurisdiction is not barred by §1252(a)(2)(B)(ii) as the petition does not challenge a discretionary detention choice. *See Patel v. O'Neil*, 2025 WL 3516865, at *3 (M.D.Pa. Dec. 8, 2025) ("section 1252(a)(2)(B)(ii) is inapposite because the Respondents' 'statutory detention power is "not a matter of discretion" to which §1252(a)(2)(B)(ii) applies[.]'") (internal citations omitted).

Finally, courts considering the issue of whether a petitioner is being wrongfully detained without a bond hearing "have almost universally held that they have jurisdiction," and, therefore, that §§1252(g), (b)(9), and (a)(2)(B)(ii) do not apply. *Patel*, 2025 WL 3516865 at *3.

### b. Exhaustion of administrative remedies

"A petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel v. Lowe*, 2025 WL 3772059, at *3 (M.D.Pa. Dec. 31, 2025) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at *3 (E.D.Pa. Nov. 14, 2025)). Respondents argue that because Petitioner did not request a bond hearing before an Immigration Judge, he should have requested one prior to turning

to this Court for relief. (Doc. 9 at 8-12). Respondents further state that Petitioner "is required to pursue custody redetermination with the Immigration Court, and to the extent he may be dissatisfied with the result, exhaust the administrative remedy process at the BIA," (*id*. at 8) without acknowledging this Court's discretion to apply the administrative remedy doctrine in habeas proceedings.

Respondents claim that Petitioner is detained under 8 U.S.C. §1226(a), which *entitles* him to a bond hearing. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021). For this Court to deny the instant petition without prejudice for the mere purpose of forcing Petitioner to prolong his detention and request a hearing to which he is entitled would be a waste of judicial economy. Therefore, even if it were true that the impetus to initiate a bond hearing request was on Petitioner, in exercising its discretion, this Court will nonetheless analyze the merits of Petitioner's wrongful detention claim.

### c. 8 U.S.C. §1226(a) applies to Petitioner

Respondents claim that Petitioner's detention is discretionary pursuant to 8 U.S.C. §1226(a). (Doc. 9 at 1).

In *Cunha v. Freden*, the United States Court of Appeals for the Second Circuit ruled that it is "clear that Section 1226(a) governs detention of noncitizens like Petitioner . . . who are present in the United States after

entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." 2026 WL 1146044, *2 (2d Cir. Apr. 28, 2025). Since *Cunha*, the Sixth and Eleventh Circuits have joined the Second Circuit in ruling that §1226(a) applies. *Lopez-Campos v. Raycraft*, 2026 WL 1283891 (6th Cir. May 11, 2026); *Hernandez Alvarez v. Warden, Federal Detention Ctr. Miami*, 2026 WL 1243395 (11th Cir. May 6, 2026).

§1226(a) allows for the Attorney General to arrest and detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. §1226(a). Pending that decision, the Attorney General "(1) may continue to detain the arrested alien; and (2) may release the alien on . . . bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or . . . conditional parole." 8 U.S.C. §1226(a)(1)-(2). Where an alien is detained under §1226(a), they are still entitled to a bond hearing where they can argue why they should be released from detention pending a final order of removal. *See Johnson*, 594 U.S. at 527, *supra*; *see also Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 277-80 (3d Cir. 2018) (holding that individuals detained under §1226(a) are entitled to a bond hearing but not entitled to a second bond hearing after their first has been denied).

- 7 -

"Federal regulations provide that aliens detained under §1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§236.1(d)(1), 1235.1(d)(1)). Here, Petitioner has been detained since October 30, 2025, and has still has not received a bond hearing. (Doc. 9-3).

The Fifth Amendment protects against deprivation "of life, liberty, or property without due process of law. U.S. CONST. amend. V. This protection "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The Government has a responsibility to ensure that citizens and non-citizens alike are afforded due process. The Court finds that the Government's argument that, because Petitioner did not ask it to protect his rights through a bond hearing, he is not entitled to relief, to violate the letter and spirit of the law. The Court reminds the Government of its duty and responsibility to afford due process rights to §1226(a) detainees at the outset of their detention.

## IV.   CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2241 will be **GRANTED** insofar as it requests a bond hearing. The Government will be required to provide Petitioner with a

bond hearing under 8 U.S.C. §1226 within fourteen days of the Court's

accompanying order.

*s/ Malachy E Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: July 6, 2026**
26-1284-01